T.C. Memo. 2001-199

UNITED STATES TAX COURT

JAMES P. AND MARILYN S. CASHMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20507-98.                    Filed August 1, 2001.

James P. Cashman, pro se.

<u>Eric W. Johnson</u>, for respondent.

MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>: Respondent determined a
deficiency of $3,763 in petitioners' 1995 Federal income taxes.
Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year in issue.

Respondent conceded the adjustments for the increase to
taxable income of $771 for a State income tax refund and for the

self-employment tax of $1,835 and its corresponding $918 deduction. Respondent filed a Motion to Dismiss For Lack of Prosecution With Respect To Petitioner Marilyn S. Cashman, which was granted. Pursuant to this Court's Order, we held that Marilyn S. Cashman is liable for a deficiency in Federal income tax for 1995 in a reduced amount. After concessions, this Court must decide whether James Cashman (petitioner) is entitled to deduct $12,988 of claimed Schedule C, Profit or Loss From Business, expenses in 1995. If petitioner is not entitled to deduct this amount, both petitioners will be liable for a deficiency in Federal income tax for 1995 in the reduced amount of $1,950.

Some of the facts in this case have been stipulated and are so found. Petitioners resided in Stillwater, Minnesota, at the time they filed their petition.

In 1991, petitioner incorporated World Youth Foundation, Inc., under the laws of Minnesota. The corporation's name was changed to I.D. Solutions, Inc., in 1992. The corporation's name was again changed in 1994 to I.D. Club, Inc. (I.D. Club). In 1997, I.D. Club was involuntary dissolved by the Minnesota Secretary of State.

I.D. Club was a private, 24-hour emergency information relay service where a family could register children or any other individual. I.D. Club would maintain information on each

registered individual that could be used in emergency situations. Petitioner testified that he did not consider I.D. Club to be a corporation because it never filed corporate returns, never had minutes or meetings, and was not in good standing with the State. He stated: "this business was not turned on. It was not in operation. It was all being set up to be turned on, to be a corporation at some point. This was not an operating system in 1995."

From the time I.D. Club and its predecessors were initially incorporated throughout 1995, the corporation never had any gross receipts. However, in 1995, I.D. Club entered into various agreements with third parties. Petitioner would sign for the corporation or as its president. No documents were signed in petitioner's name personally without the corporation listed under his name. Petitioner took no steps to dissolve the corporation prior to 1997 when it was automatically dissolved by the state.

Petitioners reported $12,988 of expenses on their 1995 Schedule C for I.D. Club. The expenses consisted of car and truck expenses of $6,503, legal and professional services of $1,640, office expense of $1,320, supplies of $418, meals and entertainment of $532, utilities of $738, and other expenses of $1,837. Because there was no income reported on the Schedule C, petitioners claimed a $12,988 loss. Respondent disallowed the deductions for all of these expenses.

Respondent argues that the business was a corporation and its losses may not be taken on petitioners' individual tax return, that because the business was not an ongoing business, research into a future business is not a deductible loss, and that petitioner failed to substantiate the claimed expenses. Because we agree with respondent as to the first contention, we need not address respondent's other arguments.

Usually, an individual may not claim the deductions of a corporation. Moline Properties v. Commissioner, 319 U.S. 436 (1943). Payments made by a shareholder to his corporation or a third person for the benefit of the corporation are neither deductible business expenses of the shareholder nor expenses incurred for the production of income. Markwardt v. Commissioner, 64 T.C. 989, 995 (1975). Such payments are treated as contributions to capital by the shareholder and must be regarded as an additional cost of the stock. Id. A deduction is allowable only if the expenditures are made to protect or promote the shareholder's own trade or business. Id. The trade or business of the corporation must be considered separately from the trade or business of the shareholder. Id. The corporate form may be disregarded where it is a sham or unreal. Moline Properties v. Commissioner, supra at 439.

In this case, petitioner did not operate any trade or business on his own. The only business he was involved with was

I.D. Club.  Petitioner argues that the corporate identity should be disregarded because he did not think of it as a separate entity from himself.  While this may be the case, petitioner is the one who elected the corporate form for I.D. Club when it was initially created.  Petitioner received the benefits of the election of the corporate status for I.D. Club.  Moreover, I.D. Club was operating as a corporation when petitioner entered into agreements on I.D. Club's behalf.  I.D. Club was created with a real business purpose, and, in its initial operations, it conducted legitimate business transactions.  I.D. Club was not a sham corporation.  There is no reason why we should disregard the corporate entity.  Accordingly, petitioner is not entitled to deduct expenses of I.D. Club.  We sustain respondent's determination.

To reflect the foregoing,

Decision will be entered
for respondent in the amount
of the reduced deficiency.